WESTERN ELECTRIC COMPANY, INC., A CORPORATION

*v.*

STATE OF ILLINOIS.

*Opinion filed May 9, 1922.*

CONTRACTS—*when the State is liable.*  Where the State through its proper officer enters into a contract for the purchase of specially manufactured articles or supplies for its use, and a mistake is made by the officer in the number of articles wanted and the vendor manufactures the articles contracted for and delivers them to the State and they are accepted by such officer the State is liable for the contract price of the articles furnished.

Edward J. Brundage, Attorney General, for State.

The claimant, Western Electric Company, incorporated, a corporation, presents its suit to recover from defendant, State of Illinois, the sum of five hundred seventy dollars, and ninety-six cents ($570.96) alleged to be due and owing under contract between the parties.

The facts alleged in the declaration upon which suit is based, and which are admitted by the State to be true, are briefly as follows:

In June, 1920, the State of Illinois through the Department of Public Works and Buildings, through proper officer, purchased and ordered from claimant, four (4) certain items of electrical equipment, known as "Motor Starting Panels" at the contract price of $201.74, for each panel, making a total of $806.96.  The claimant agreed to credit this account with $236.00 on account of other equipment returned to claimant which it did, reducing the balance claimed to be due to $570.96. The panels were made to the order of defendant, shipped to and received by defendant.

When the defendant, State, began installing the panels it was discovered that a mistake had been made by the State through its proper officers in making the said order, in that the order should have called for two (2) instead of four (4) panels.  But the mistake was not discovered by the defendant, until the goods had been made to order and delivered to defendant, and ready for installation.

Upon the discovery of its mistake, the defendant endeavored to get claimant to take back the *extra* two (2) panels, which it did not need, and give credit for the purchase price, less 10 per cent, and several letters passed between the parties, relative to the matter, which letters are by stipulation, admitted in evidence herein.

The defendant asserts in its letter that the panels mentioned are carried in stock by claimant, and that therefore it would be an easy matter to sell them to other customers and insisted that two panels

should be taken back and credit given for the price of same, less 10%.

On the other hand, claimant says that while such goods are listed in the calalog still these panels are not carried in stock, but are *"Made to Order"* and that claimant would probably be unable to dispose of same. The defendant fails to show this state of facts are untrue, and that its contention is the correct one. The evidence very clearly shows that the mistake was made by the defendant and that the claimant was not at fault, and had no knowledge of the same, until long after the articles were made to order and delivered to defendant.

Under the statement of facts, as alleged by claimant, and admitted by the Attorney General for defendant to be true, we can come to no other conclusion than that the error, (which causes a small loss to the State) was solely the mistake of defendant, without fault of claimant.

It is our opinion therefore that the claims should be allowed. Accordingly, the sum of five hundred seventy dollars and ninety-six cents ($570.96) is awarded claimants against defendant.